IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Travelers Casualty and Surety Company of America, | Case Type: Contract |
| Plaintiff, | Court File No.: _____ |
| v. | **COMPLAINT** |
| Hal Leonard LLC, | |
| Defendant. | |

Plaintiff Travelers Casualty and Surety Company of America ("Travelers") brings this lawsuit pursuant to 28 U.S.C. § 2201 for a declaratory judgment against Defendant Hal Leonard LLC, and states and alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit involves a request for a determination of the parties' rights and obligations under the insurance policy Travelers issued to Defendant Hal Leonard LLC.

## THE PARTIES

2. Travelers is a Connecticut corporation with its principal place of business in Connecticut. Travelers is licensed to conduct business in this jurisdiction.

3. Upon information and belief, Hal Leonard LLC is a Limited Liability Company organized under the laws of Wisconsin, with its principal place of business in Milwaukee, Wisconsin.

## JURISDICTION AND VENUE

4. This court has jurisdiction under 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties as, to the best of Travelers's knowledge, no member of Hal Leonard LLC is a Connecticut resident.

5. Venue in this district is proper under 28 U.S.C. § 1391 because, among other things, a substantial part of the risk insured under the contract is situated in this district, Defendant resides in this district, and the insurance policy was issued in this district.

## FACTUAL ALLEGATIONS

6. On June 12, 2017, an unknown third party, purporting to be Hal Leonard LLC's Senior Vice President and CFO, sent an email to the CFO of Hal Leonard LLC's subsidiary, Sheet Music Plus ("SMP"). The email instructed SMP's CFO to redirect a pre-existing $600,000 wire transfer request to an overseas bank account controlled by the third party.

7. The next day, the third party emailed SMP and requested that another $300,000 be wired to the same overseas bank account that the third party controlled.

8. Believing the emails to actually be from Hal Leonard LLC's CFO, the SMP CFO complied with the request and caused both wire transfers to be sent pursuant to the instructions in the emails.

9. On June 19, 2017, Hal Leonard LLC discovered that the wires were not deposited into its bank account, as originally intended, and notified Travelers of a potential loss.

10. On October 3, 2017, Hal Leonard LLC executed the contractually-required Proof of Loss, alleging a $905,000 loss caused by the third party's deceptive emails (the "Social Engineering Claim").

11. Travelers issued Hal Leonard LLC a Wrap+® Insurance Policy, policy number 106089976, in effect from March 31, 2017 through March 31, 2018 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A.

12. The Policy includes Crime and Cyber Coverages, each subject to limits of insurance, as set forth in the Policy Declarations.

13. The Policy's Crime Coverage includes a Social Engineering Fraud Insuring Agreement Endorsement, which provides coverage "for the **Insured's** direct loss from the transferring, paying or delivering of **Money** or **Securities**, directly caused by **Social Engineering Fraud**."

14. The Policy defines "Social Engineering Fraud" as "the intentional misleading of an **Employee** by a person purporting to be: . . . an **Employee**; … through the use of a **Communication**. **Social Engineering Fraud** does not include **Computer Fraud** or **Funds Transfer Fraud**."

15. The Policy defines "Communication" as "an electronic . . . or written instruction received by an **Employee** that: 1. directs the **Employee** to transfer, pay, or

3

deliver **Money** or **Securities**; 2. contains a misrepresentation of a material fact; and 3. is relied upon by the **Employee**, believing the material fact to be true."

16. The third party's intentional misleading of SMP's CFO, through the June 12 and 13 emails that purported to be from Hal Leonard LLC's CFO, is "Social Engineering Fraud," as defined in the Policy.

17. On December 29, 2017, Travelers acknowledged that the Social Engineering Claim was covered under the Social Engineering Fraud Insuring Agreement in the Crime Coverage, and agreed to pay Hal Leonard LLC the applicable $100,000 limit of insurance.

18. In addition to the Social Engineering Fraud Insuring Agreement limit of insurance, Travelers also paid to Hal Leonard LLC the $5,000 Claim Expense Insuring Agreement limit of insurance.

19. Travelers has also reimbursed Hal Leonard LLC $49,637.50 under the CyberRisk Coverage in the Policy, for expenses incurred by a third party, on Hal Leonard LLC's behalf, to ensure compliance with any applicable disclosure requirements.

20. Despite Travelers's payment for the Social Engineering Claim pursuant to the terms and conditions of the Social Engineering Fraud Insuring Agreement, Hal Leonard LLC demands additional payment under the Computer Fraud Insuring Agreement in the Crime Coverage.

21. The Social Engineering Claim does not fall within the scope of the Policy's Computer Fraud Insuring Agreement.

22. The Social Engineering Claim does not fall within the Policy definition of "Computer Fraud."

23. More so, Exclusion H., which excludes coverage for "loss resulting directly or indirectly from forged, altered or fraudulent documents or written instruments used as source documentation in the preparation of **Electronic Data**," would apply to preclude any Computer Fraud coverage, had it been available in this matter.

## COUNT I: DECLARATORY JUDGMENT

24. Travelers realleges and incorporates by reference the allegations asserted in paragraphs 1-23 above as if fully set forth herein.

25. There is no Computer Fraud coverage available under the Policy for any loss arising out of the Social Engineering Claim.

26. Travelers is informed and believes, and thereon alleges, that the Defendant contends that Travelers is obligated to provide Computer Fraud coverage for Defendant's loss arising out of the Social Engineering Claim.

27. An actual, justiciable controversy exists between the parties.

28. Travelers is entitled to a judicial declaration that there is no Computer Fraud coverage available under the Policy for any loss arising out of the Social Engineering Claim.

29. Travelers is entitled to a judicial declaration that the Social Engineering Fraud Insuring Agreement limit of insurance and the Claims Expense limit of insurance represent the maximum amount of Crime Coverage available to Hal Leonard LLC for the Social Engineering Claim.

**WHEREFORE**, Travelers Casualty and Surety Company of America requests that this Court enter judgment as follows:

a. A judicial declaration that there is no Computer Fraud coverage available to Hal Leonard LLC for any loss arising out of the Social Engineering Claim;

b. A judicial declaration that Travelers has fully indemnified Hal Leonard LLC for the Social Engineering Claim through all available coverage under the Policy;

c. For such other relief as the Court deems just, proper, and equitable.

Dated: June 8, 2018

*s/ Joel T. Wiegert*
Joel T. Wiegert
Meagher & Geer, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
(612) 338-0661
jwiegert@meagher.com

***Attorneys for Plaintiff Travelers Casualty and Surety Company of America***